IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARNOLD DOLGINS and CAROL DOLGINS,<br>　　　　Plaintiffs,<br>　　v.<br>UNITED VAN LINES, LLC; LOCATELLI MOVING AND STORAGE, INC; and MERGENTHALER TRANSFER AND STORAGE,<br>　　　　Defendants. | Civil Action No. 20-1424 |

**OPINION**

Introduction

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On September 23, 2020, the magistrate judge issued an order for plaintiffs Arnold and Carol Dolgins ("plaintiffs") to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.  Plaintiffs did not respond to the show cause order.  On October 5, 2020, the magistrate judge filed a Report and Recommendation ("R&R") (ECF No. 4), recommending that the case be dismissed.

The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, objections to the R&R must be filed by October 19, 2020, and that failure to file timely objections would constitute a waiver of appellate rights.  No timely objections were filed.

Legal Analysis

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also McClain v. Pennsylvania Department*

1

*of Corrections*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Following an independent review of the record, the court is satisfied that the R&R contains no clear error and will therefore accept the recommendation of the magistrate judge. The complaint alleges that defendants caused more than $50,000 in property damages during a residential move from California to Pennsylvania in 2016. The court agrees with the magistrate judge that the complaint fails to plead a proper basis for the court to exercise federal question or diversity of citizenship jurisdiction. It also appears that the complaint would be barred by Pennsylvania's two-year statute of limitations, 42 Pa. C.S. § 5524. The court will adopt the R&R as the opinion of the court, as supplemented herein.

Conclusion

For the reasons set forth in the magistrate judge's R&R, which will be adopted as the opinion of this court as supplemented herein, Civil Action No. 20-1424 will be dismissed.

An appropriate Order will be entered.

BY THE COURT:

Dated:  November 3, 2020

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Court Judge